johniriarteple

LEONARDO M. RAPADAS
United States Attorney
RYAN M. ANDERSON
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

**ORIGINAL**

FILED
DISTRICT COURT OF GUAM
NOV 21 2006
MARY L.M. MORAN
CLERK OF COURT

FILED
DISTRICT COURT OF GUAM
NOV 16 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 06-00106 |
| Plaintiff, | |
| vs. | AMENDED **PLEA AGREEMENT** |
| JOHN LEON GUERRERO IRIARTE, JR., | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, JOHN LEON GUERRERO IRIARTE, JR., enter into the following plea agreement:

1. The defendant, JOHN LEON GUERRERO IRIARTE, JR. agrees to enter a guilty plea to an Information charging him with Theft of Government Property, in violation of Title 18, United States Code, Section 641.

2. The defendant understands that the <u>maximum</u> sentence for Theft of Property in an amount less than $1,000.00, in violation of 18 U.S.C. § 641, as a Class A misdemeanor as specified in 18 U.S.C. § 3559, is imprisonment for not more than one year and a maximum fine of $100,000.00, together with any restitution as the court may order, and a $25 special assessment fee as set forth in 18 U.S.C. § 3013. Any sentence of incarceration may include a term of supervised release of not more than one year as set forth in 18 U.S.C. § 3583(b)(3). If the court revokes a sentence of supervised release, the court may incarcerate the Defendant up to an additional term of not*

*Continued on next page

*more than one year. The total of $25 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish a violation of Theft of Government Property, in violation of 18 United States Code, Sections 641 & 2, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant knowingly and willingly stole money with the intention of depriving the owner of the use or benefit of the money;

<u>Second</u>, the money belonged to the United States; and

<u>Third</u>, the value of the property was less than $1,000.00

6. The defendant understands that the Sentencing Guidelines are advisory only. The Court may still utilize the sentencing guidelines as an aid to determine the sentence to be imposed. The government and the Defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born in 1980, and is a citizen of the United States.

b. Beginning on or about December 21, 2005, and continuing up to on or about February 13, 2006, in the District of Guam, the defendant, JOHN LEON GUERRERO IRIARTE JR., willfully and knowingly, embezzled and converted to his own use, United States currency from the Navy Exchange, Guam. That United States currency from the Navy Exchange, Guam, is property of the United States. That the value of the United States currency embezzled and converted from the Navy Exchange, Guam, was of the value of $1,629.29. That the United States currency from the Navy Exchange, Guam, had come into the possession and under the care of the defendant, JOHN LEON GUERRERO IRIARTE JR., by virtue of his employment as a cashier at the Navy Exchange, Guam. That in addition to embezzling $1,629.29 from the Navy

Exchange, Guam, the defendant, JOHN LEON GUERRERO IRIARTE JR., also fraudulently used four different credit cards, to wit: a NEX Star Card belonging to Gerber P. Urbino and Maria Lourdes Dayday Urbino in the amount of $331.79; a NEX Star Card belonging Mark Milambing McAuslen in the amount of $380.95; a Temporary NEX Star Card belonging to an unknown person; and a Navy Federal Credit Union credit card belonging to an unknown person.

7. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

8. The defendant agrees to pay restitution totaling at least $2,342.03. This restitution amount can be increased for the fraudulent charges the defendant made on two credit cards who currently have unknown owners. This restitution should be paid in the following manner:

    a. The defendant agrees to pay restitution in the amount of $1,629.29 to the Navy Exchange in Guam;

    b. The defendant agrees to pay restitution in the amount of $331.79 to Gerber P. Urbino and Maria Lourdes Dayday Urbino for the fraudulent charges he made on their a NEX Star Card (ACCT # 6019 4404 0264 7832). If Gerber P. Urbino and Maria Lourdes Dayday Urbino have been reimbursed by Military Star for the fraudulent charges, the defendant agrees to pay Military Star $331.79 for the fraudulent charges he made on Gerber P. Urbino's and Maria Lourdes Dayday Urbino's NEX Star Card.

    c. The defendant agrees to pay restitution in the amount of $380.95 to Mark Milambing McAuslen for the fraudulent charges the defendant made on his NEX Star Card (ACCT # XXXX XXXX XXXX 8846). If Mark Milambing McAuslen has been reimbursed by Military Star for the fraudulent charges, the defendant agrees to pay Military Star $380.95 for the fraudulent charges he made on Mark Milambing McAuslen's NEX Star Card.

d. The defendant agrees to pay restitution in any amount determined subsequent to this agreement for the fraudulent charges he made on a Temporary NEX Star Card belonging to an unknown person.

   e. The defendant agrees to pay restitution in any amount determined subsequent to this agreement for the fraudulent charges he made on a Navy Federal Credit Union credit card belonging to an unknown person.

9. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

10. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

   a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

   b. His right to be represented by an attorney;

   c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

   d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

   e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

   f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

   g. That he reads, writes and speaks the English language and has no need for an interpreter;

- 4 -

h. That he has read the plea agreement and understands it; and

i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 11/9/06

JOHN LEON GUERRERO IRIARTE, JR.
Defendant

DATED: 11/9/06

RICHARD ARENS
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 11/14/06     By:

RYAN M. ANDERSON
Special Assistant U.S. Attorney

DATED: 10/26/06

JEFFREY J. STRAND
First Assistant U.S. Attorney

- 5 -